Donovan SKARIN and Ruby Skarin, minor children, by and through their mother and next friend, Christine Skarin and by and through their father and next friend, Donald Skarin; Christine Skarin, individually and as a parent and taxpayer, and Donald Skarin, individually as a parent and taxpayer, Petitioners,

v.

WOODBINE COMMUNITY SCHOOL DISTRICT and Board of Education for Woodbine Community School District, Respondents,

and

Alan Ronk, as parent and legal guardian of Justin Ronk, Intervenor.

No. 1–02–CV–80010.

United States District Court, S.D. Iowa, Western Division.

May 10, 2002.

Sally Belinkoff Frank, Des Moines, IA, Randall C. Wilson, Iowa Civil Liberties Union Foundation, Des Moines, IA, for petitioner.

Derrick R. Frank, Mundt Franck & Schumacher, Denison, IA, Douglas L. Phillips, Rene C. Lapierre, Brian Yung, Klass Stoos Stoik Mugan, Villone & Phillips, LLP, Sioux City, IA, for respondents.

Norman L. Springer, Jr., Council Bluffs, IA, Mathew D. Staver, Erik W. Stanley, Joel L. Oster, Liberty Counsel, Inc., Longwood, FL, for intervenor.

Timm W. Reid, Pleasant Hill, IA, for Iowa Liberty and Justice Center, amicus.

Marc D. Stern, New York City, for American Jewish Congress, amicus.

### FINDINGS OF FACT CONCLUSIONS OF LAW, JUDGMENT AND DECREE

WOLLE, District Judge.

On April 1, 2002, Woodbine Community High School sophomore choir students Donovan and Ruby Skarin and their parents filed this suit for preliminary[1] and

---

1. Following a hearing by telephone conference call on Petitioner's requests for prelim-

permanent injunctive relief against the Respondent Woodbine Community School District and School Board. Petitioners contend that Respondents have infringed their First Amendment Constitutional rights by scheduling rehearsals for and a graduation-ceremony performance of "The Lord's Prayer" by the Woodbine Community High School choir. Because the school's graduation ceremony will be held on May 19, 2002, the court expedited trial and now enters this decision enjoining Respondents from having the choir rehearse and then perform "The Lord's Prayer," with words from the prayer itself and music by Albert Hay Malotte, at the ceremony on May 19. This injunction will remain in effect for as long as Donovan and Ruby Skarin are students at Woodbine Community High School.

## I. Findings of Fact.

1. Petitioners Donovan and Ruby Skarin, twin children of Petitioners Christine and Donald Skarin, participate in the school choir for graded academic credit. All students are expected to participate in the rehearsals for the choir's graduation performance and in the performance itself. Those students opting not to participate in the rehearsals and performance are required to compensate for the missed choir time by taking part in an as-yet unspecified equivalent musical activity. The Woodbine High School, a public school, has scheduled its next graduation ceremony to be held in the school gymnasium on May 19, 2002.

2. The choir has sung "The Lord's Prayer" at most but not all recent Woodbine High School graduation ceremonies and is now scheduled to perform it again at the May 19, 2002 ceremony.

3. Donovan and Ruby Skarin do not hold Christian or other religious beliefs. Ruby testified credibly and eloquently. She and her brother are offended by having either to sing "The Lord's Prayer" in rehearsals and at graduation, or to be excluded from the choir's rehearsals and performance of that prayer set to music. Their mother, whose testimony was direct and credible, has attended several Woodbine High School graduation ceremonies for her older children, as well as those honoring friends' children. She has been increasingly disturbed and offended by having "The Lord's Prayer" sung in the school at graduation.

4. Protesting to the principal and to Pat Skarin, a Woodbine School Board member and the twins' aunt, Christine initially was told it was a tradition that would be retained because the majority view should control.

5. The Woodbine High School choir has sung "The Lord's Prayer" at graduation exercises in all but one of the past five years, but by December of last year the school principal, Deb Johnsen and choral director Jo Schmitz, decided not to include "The Lord's Prayer" in the May 2002 graduation. Choir director Jo Schmitz is a conscientious music educator who manifests a genuine concern for her students and a love for and extensive understanding

inary relief, the court granted part of the requested preliminary injunctive relief, directing the Respondents to instruct the choir director and other Woodbine High School personnel not to have the choir rehearse "The Lord's Prayer" until the court had issued its decision on the merits. The court also allowed Alan Ronk, as parent and legal guardian of Justin Ronk, to intervene on behalf of choir students who wish to sing "The Lord's Prayer" at this year's graduation ceremony. The students' attorney presented evidence and oral argument during the bench trial held on May 9, 2002, at the United States Courthouse in Council Bluffs, Iowa. The Iowa Liberty and Justice Center and the American Jewish Congress have filed helpful amicus briefs.

of choral music. The decision she and Johnsen made was brought to the attention of the School Board in January 2002. With Board President Randy Pryor presiding, the Board considered complaints from several persons, engaged in discussion, then decided by a vote of four board members (with one abstention) to direct the choir director to return "The Lord's Prayer" to the 2002 graduation ceremony. The Board authorized the choir to sing also a secular choral piece ("Maybe Someday") in order to placate the Skarins. The Board reaffirmed that decision at a Board meeting shortly after this lawsuit was filed.

6. The School Board intended by this action to reject the advice of its legal counsel and yield to what it perceived to be an overwhelming majority view within the community favoring inclusion of "The Lord's Prayer" in the graduation ceremony. The court is persuaded that one audio tape recording of the January 17 Board meeting was erased at the request of one or more Board members because it contained statements by Board President Pryor and other Board Members candidly stating that "The Lord's Prayer" would be reinstated in the 2002 graduation program because "We are Christians" and "Lawyers be Damned." The court finds credible the affidavit testimony of Patricia Skarin and not the contrary trial testimony of Pryor and Superintendent Terry Hazard.

7. The affidavits of two professors, Evan Fales (exhibit 4) and David E. Klemm (exhibit 5), and of Senior Minister David Ruhe (exhibit 6), credibly establish that the words of "The Lord's Prayer" and its ritual unison recitation or singing are central to the Christian faith and liturgy. Christians believe Jesus taught the prayer to his disciples. Its choral arrangement is included in the Woodbine High School graduation program again this year because the Board considered it a Christian

prayer important to the Woodbine students and others attending graduation exercises, not because of the song's independent musicological significance as choral music. At no Board meeting was there discussion of the educational value or any other secular purpose for having the choir sing "The Lord's Prayer."

II. Conclusions of Law.

1. This court has jurisdiction of the parties and subject matter of this action pursuant to 42 United States Code section 1983.

2. The first clause in the First Amendment to the Federal Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I; *see also Wallace v. Jaffree*, 472 U.S. 38, 49–50, 105 S.Ct. 2479, 86 L.Ed.2d 29 (1985) (First Amendment applies to the states and their political subdivisions through its incorporation into the due process clause of the Fourteenth Amendment).

3. The Respondents have the ultimate authority and responsibility for the Woodbine High School graduation program.

4. Whether recited or sung, prayer "by its very nature, is undeniably a religious exercise." *Florey v. Sioux Falls School Dist. 49–5*, 619 F.2d 1311, 1314 (8th Cir. 1980). The principal effect of having the choir sing "The Lord's Prayer" is to advance the Christian religion. *See Lundberg v. West Monona Comm. School Dist.*, 731 F.Supp. 331, 345 (N.D.Iowa 1989); *Graham v. Central Comm. School Dist.*, 608 F.Supp. 531, 537 (S.D.Iowa 1985).

5. The graduation ceremony is not a public forum designed to accommodate the free speech and free exercise of religious rights of the student intervenors. *See Lundberg*, 731 F.Supp. at 336, and authorities there cited.

■ 6. The singing of "The Lord's Prayer" by the Woodbine High School choir at the school graduation ceremony and the rehearsals for that performance, mandated by the Respondent Board, violates the Establishment Clause of the First Amendment of the United States Constitution. *See Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000); *Lee v. Weisman,* 505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992); *Wallace v. Jaffree,* 472 U.S. 38, 105 S.Ct. 2479, 86 L.Ed.2d 29 (1985); *Abington School District v. Schempp,* 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); *Engel v. Vitale,* 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962). That the majority of the students, choir members, and parents want "The Lord's Prayer" to be a part of the program is not a factor in the Constitutional analysis. This is not a situation where the majority may rule. Our Constitution prohibits state-compelled religious conformance. See *Lee v. Weisman,* 505 U.S. at 595, 112 S.Ct. 2649.

■ 7. That the student Petitioners may opt out of rehearsals and performances and still earn class credit in an alternative way does not rectify the problem. The school cannot within the confines of the Establishment Clause force a student to choose between attending and participating in school functions and not attending only to avoid personally offensive religious rituals. *See Santa Fe Independent School Dist.,* 530 U.S. at 312, 120 S.Ct. 2266; *Lee v. Weisman,* 505 U.S. at 593, 112 S.Ct. 2649 (recognizing that subtle public and peer pressure can be as real as any overt compulsion). Moreover, the inclusion of a secular choral piece at the graduation ceremony does not relieve the offended student from having to make that awkward choice. Respondents have given this court no basis for ignoring or disavowing the clear teachings and controlling United States Supreme Court precedent.

In the face of *Santa Fe* and *Lee v. Weisman* Respondents' reliance on decisions of federal courts of appeals is misplaced. I read the Supreme Court cases to bar prayer from public school graduation ceremonies regardless whether words of the prayer are spoken or sung. Moreover, Petitioners have shown the Board-directed singing of "The Lord's Prayer" at graduation fails all three tests set forth in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). As applied to the facts here, the Board's insistence on inclusion of "The Lord's Prayer" had no real secular purpose, has a primary effect of encouraging Christianity, and fosters excessive entanglement between the government, here the Board, and the Christian religion that the Board would promote by having "The Lord's Prayer" sung at graduation. In *Graham,* 608 F.Supp. at 537, this court similarly applied the Lemon analysis and concluded that an Iowa school district infringed the Establishment Clause by including in graduation ceremonies a religious invocation and a religious benediction. The court there enjoined the defendant school district from including those religious activities in the graduation program.

III. Judgment.

The clerk of court shall enter judgment in favor of plaintiffs and against defendants. The court permanently enjoins the Woodbine High School choir from performing "The Lord's Prayer" at graduation ceremonies and from rehearsing "The Lord's Prayer" for performance at graduation ceremonies for as long as Ruby and Donovan Skarin are students at Woodbine High School.

IT IS SO ORDERED.